IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DR. ARCHIBALD LAUD-HAMMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cv-345-WKW-WC |
| | ) | |
| BRIAN JOHNSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

On September 14, 2017, the undersigned held a status conference in the above-styled case to address several pending issues. Attorney Gordon L. Blair, counsel for Defendant Tuskegee University, and Attorney Connie J. Morrow, counsel for Plaintiff, appeared. Pertinent to this recommendation is the issue of service as to the individual Defendants. As of today, individual Defendants Brian Johnson and Cesar Fermin have not been served. Plaintiff filed this lawsuit on May 27, 2017.

At the aforementioned status conference, the parties informed the undersigned that the parties were working towards a global settlement in the case. Because such a settlement would encompass all of the intended parties, the court would require jurisdiction over the individual Defendants in order to approve such a settlement. Thus, the undersigned directed Plaintiff to serve the individual Defendants on or before September 21, 2017. That date passed without any indication from Plaintiff that the individual Defendants had been served, or without any notice from Plaintiff indicating why service had not been perfected.

On October 4, 2017, the undersigned entered an Order (Doc. 26) extending Plaintiff's time to serve the individual Defendants to October 11, 2017. The Order specifically stated:

> if the settlement is to encompass the individual Defendants, those individual Defendants ***must be served*** prior to this court entering a settlement agreement involving them. This is because, without service, this court does not have jurisdiction over those Defendants. If the settlement agreement is not to encompass Defendants, Plaintiff may simply voluntarily dismiss them, or the undersigned will recommend that the court dismiss them if they are not served on or before October 11, 2017.
>
> . . .
>
> ***If service is not completed within that time, the undersigned will recommend that Defendants Johnson and Fermin be dismissed from the action***.

Doc. 26 at 2-3 (emphasis added). October 11, 2017, has come and gone with no indication on the docket that Plaintiff has completed service as to the individual Defendants, nor has Plaintiff filed a notice with the court informing the court of any reason why service has not been completed. Neither has Plaintiff voluntarily dismissed the individual Defendants.

Federal Rule of Civil Procedure 4(m) states: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." As previously noted, Plaintiff filed her complaint against Defendants Johnson and Fermin on May 27, 2017. Doc. 1. Clearly, then, the requisite ninety days have passed to permit action pursuant to Rule 4(m). Further, the undersigned specifically directed Plaintiff to complete service within one week of the status conference before the undersigned. That deadline passed on September 21, 2017, without

2

service of the individual Defendants or word from Plaintiff otherwise. The undersigned afforded Plaintiff a second opportunity to complete service before October 11, 2017. That date also passed without service or word from Plaintiff otherwise. Thus, because Plaintiff has failed to serve Defendants Johnson and Fermin within the time set forth by Rule 4(m)—and within the two deadlines set by the undersigned—Defendants Johnson and Fermin are due to be dismissed from this suit.

Accordingly, it is the

RECOMMENDATION of the undersigned United States Magistrate Judge that Defendant Brian Johnson and Defendant Cesar Fermin be DISMISSED from this suit and that this matter be referred back to the undersigned for further proceedings. Further, it is

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before November 23, 2017**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*). The parties are

advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

DONE this 9th day of November, 2017.

/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE