IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DR. ARCHIBALD LAUD-HAMMOND, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 3:17-CV-345-WKW [WO] |
| BRIAN JOHNSON, CESAR FERMIN, and TUSKEGEE UNIVERSITY, | ) ) ) ) | |
| Defendants. | ) | |

## **ORDER**

Before the court is the Recommendation of the Magistrate Judge, which recommends dismissing Defendants Brian Johnson and Cesar Fermin because they were not timely served. (Doc. # 29.) The Magistrate Judge explained that the parties told the court they were "working towards a global settlement in the case," but "[b]ecause such a settlement would encompass all of the intended parties, the court would require jurisdiction over the individual Defendants in order to approve such a settlement." (Doc. # 29, at 1.) Thus, Plaintiff could either serve Defendants Johnson and Fermin, or dismiss them, but a global settlement of the case could not move forward while two of the intended defendants remained in limbo.

Defendant Tuskegee University has objected to the Recommendation, but only "to the extent it finds that the Court must approve any resolution of this matter." (Doc. # 31, at 3.) Specifically, "Tuskegee does not object to this dismissal" of Defendants Johnson and Fermin. (Doc. # 31, at 1.) Defendant's objection is in accord with the parties' Joint Status Report and Motion to Proceed with Voluntary Dismissal, which likewise interprets the Magistrate Judge's Recommendation as "suggest[ing] a resolution of this case may require court approval." (Doc. # 30, at 1.)

Instead of reading the Magistrate Judge's Recommendation as requiring court approval of any settlement agreement the parties come up with—as might be the case under the Fair Labor Standards Act, for instance—the simpler explanation is that the Magistrate Judge was pointing out that the parties could not have a truly "global settlement" (their term), affecting the rights of all intended parties, unless all the parties were actually served and part of the agreement. Read this way, there is no discord between the Magistrate Judge's Recommendation, the parties' Joint Status Report, and Defendant Tuskegee University's Objection to the Recommendation of the Magistrate.

Accordingly, it is ORDERED as follows:

1. The Recommendation of the Magistrate Judge (Doc. # 29) is ADOPTED;

2. Plaintiff's action against Defendants Brian Johnson and Cesar Fermin is DISMISSED;

3. The Joint Motion to Proceed with Voluntary Dismissal (Doc. # 30) by Plaintiff Laud-Hammond and Defendant Tuskegee University is DENIED as moot;

4. Defendant Tuskegee University's Objection to the Recommendation of the Magistrate (Doc. # 31) is OVERRULED as moot; and

5. This action is REFERRED back to the Magistrate Judge pursuant to 28 U.S.C. § 636 for further proceedings and determination or recommendation as may be appropriate.

DONE this 27th day of November, 2017.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE